### SAMUEL BLACK v. GUERNSEY CO. (COMRS.)

COUNTY COMMISSIONERS LIABLE FOR INJURIES SUSTAINED THROUGH THEIR NEGLIGENCE IN REPAIR OF NATIONAL TOLL ROAD.

A board of county commissioners under Sec. 845 Rev. Stat. (Gen. Code 2408) may be sued for damages for personal injuries resulting from negligence in the repair of a national road upon which they exact tolls and exercise control by virtue of Sec. 4931 Rev. Stat. (Gen. Code 7524) *et seq.*

[Syllabus approved by the court.]

ERROR to Guernsey common pleas court.

**J. S. Black,** for plaintiff in error:

Cited and commented upon the following authorities: *Yunker* v. *Sandusky Co. (Comrs.)* 31 O. C. C. 552 (11 N. S. 527); *Morgan Co. (Comrs.)* v. *Transfer & Storage Co.* 75 Ohio St. 244 [79 N. E. Rep. 237]; *Ebert* v. *Pickaway Co. (Comrs.)* 75 Ohio St. 474 [80 N. E. Rep. 5]; *Salt Creek Val. Tpk. Co.* v. *Parks,* 50 Ohio St. 568 [35 N. E. Rep. 304; 28 L. R. A. 769]; *State* v. *Wood Co. (Treas.)* 17 Ohio 184; 11 Enc. Law (2 ed.) 353, 354, 355, 356; *Faucher* v. *Tutewiller,* 76 Ill. 194; *Palatka & I. Ry.* v. *State,* 23 Fla. 546 [3 So. Rep. 158; 11 Am. St. Rep. 395]; 1 Story, Construction (3 ed.) Sec. 454; *Cherokee Nation* v. *Georgia,* 30 U. S. (5 Pet.) 1 [8 L. Ed. 25]; 16 Cyc. 561; *Hardin Co. (Comrs.)* v. *Coffman,* 60 Ohio St. 527 [54 N. E. Rep. 1054; 48 L. R. A. 455]; *Hardin Co. (Comrs.)* v. *Coffman,* 10 Circ. Dec. 91 (18 R. 254); *Alexander* v. *Brady,* 61 Ohio St. 174 [55 N. E. Rep. 173]; *Low* v. *Leichty,* 25 O. C. C. 240 (1 N. S. 431); *Mahoning Co. (Comrs.)* v. *Railway,* 45 Ohio St. 401 [15 N. E. Rep. 468]; *Durnell* v. *Traction Co.* 19 Dec. 112 (7 N. S. 136).

**C. S. Sheppard,** for defendant in error.

**METCALFE, J.**

This action was brought to recover damages for injuries claimed to have been received in consequence of the alleged negligence of the defendant, the board of county commissioners. An amended petition was filed to which a demurrer was sustained, and the plaintiff not desiring

to amend permitted judgment to be taken against him on the pleadings, and the only question here is whether the facts averred in the amended petition state a cause of action against the defendant under favor of Sec. 845 Rev. Stat. (Gen Code 2408).

The facts averred and admitted to be true are, in substance, that the national road is a public highway under the care and control of the defendant, the board of county commissioners of Guernsey county, and upon which said board collects toll; that a culvert crossing said road had been permitted by the defendant board to become so out of repair as to cause a hole or depression five or six feet deep and four or five feet wide on one side of the road; that the plaintiff was driving along said road with a single horse and buggy; that the horse became frightened at an automobile and was partially unmanageable, and in endeavoring to get control of the horse the wheels of his buggy went into the hole in the culvert and the buggy was overturned, causing the injuries of which the plaintiff complains.

By the provisions of Sec. 845 Rev. Stat. (Gen. Code 2408), it is provided that, "any such board of county commissioners shall be liable in its official capacity for any damages received by reason of its negligence or carelessness in keeping any such road or bridge in repair." The roads and bridges referred to in this section are such as the board of commissioners is by law required to have in its charge and to keep in repair.

Section 4931 Rev. Stat. (Gen. Code 7524, 7525), provides that the commissioners of counties through which any part of the national road passes shall take under their care and control in behalf of their respective counties so much of said road as lies within the limits of their counties respectively, and to keep them in such repair as is contemplated by the acts of congress ceding to the state the jurisdiction and control of such part of the national road as lies within the limits of the state; and limits the amount of tax which the county commissioners may raise for the repair or preservation of the road to the amount provided in the general statutes for the repair and preservation of county and state roads. The same section also gives to the county commissioners the power to order the trustees of any township through which the road passes to take under their care the portion thereof lying in their respective townships.

Under Sec. 4932 Rev. Stat. (Gen. Code 7527-7528) the commissioners are authorized to erect toll gates within their respective counties, to collect tolls, appoint collectors and remove them at pleasure, and fix

Black v. Commissioners.

the compensation for their services. They are also required to pay the tolls collected into the treasury of their respective counties each month "and the commissioners shall apply such money to the keeping in repair of said road within their respective counties." By the provisions of these sections it will be seen that the county commissioners are given by law complete jurisdiction over the national road in their several counties, and are required by law to keep said road in repair, and the national road is made a part of the highway system of the state, governed by the laws of the state, as completely as any state or county road.

We are unable to see any distinction in principle or in fact between a highway constructed by the national government and ceded by it to the state and placed completely under the control of the state, and any other highway under the control of the state. It is not the character of the road that renders the county commissioners liable for its negligence, but the fact that the board has jurisdiction over it, and that the duty is imposed upon it by law to keep it in repair. We do not think the case of *Younker* v. *Sandusky Co.* (*Comrs.*), 31 O. C. C. 552 (11 N. S. 527), and the other cases cited bear out the contention of the defendant that the provisions of Sec. 845 Rev. Stat. (Gen. Code 2408), do not apply in this case. We agree with all that is said in the cases cited that the provision of Sec. 845 Rev. Stat. (Gen. Code 2408) which makes the commissioners liable for acts of negligence is in derogation of the common law, and that its terms cannot be extended beyond their plain meaning. But we think it would be placing too strict and narrow a construction upon the statute to hold that it applies only to a part of the highway system of the state when its plain meaning seems to be that the commissioners shall be liable for any dereliction of duty in failing to keep in repair all roads under their jurisdiction, and which the laws of the state require them to keep in repair.

The demurrer to the amended petition is overruled and the case is remanded.

**Laubie** and **Cook, JJ.,** concur.